UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANTAVIS LAMARCUS SHANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02422-JPH-MJD |
| | ) | |
| D. SCHWAB, JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING THE COMPLAINT**

Dantavis LaMarcus Shannon is a prisoner at Plainfield Correctional Facility. He was injured when a correctional officer removed his handcuffs with a bolt cutter. He filed this lawsuit alleging excessive force against the officer and deliberate indifference to a serious medical need against two other officers and a nurse. Because Mr. Shannon is a prisoner, the Court must screen the complaint before directing service on the defendants.

**I. SCREENING STANDARD**

The Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(c). The Court applies the same standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. COMPLAINT

Mr. Shannon sues Sgt. D Schwab, Jr., Sgt. Trivet, Sgt. Ayodel, Nurse Morgan Daws, and Jeremy Jones. Mr. Shannon seeks damages. He alleges the following:

On June 20, 2021, Mr. Shannon was going outside for recreation. Sgt. Schwab knew there was a problem with his handcuffs, but he put them on Mr. Shannon anyway. The handcuffs got stuck, and Sgt. Schwab used a bolt cutter to get them off. He kept using the bolt cutter even after Mr. Shannon screamed out in pain. After a few tries, the handcuffs eventually came off.

Nurse Daws treated Mr. Shannon that day. She did not give him pain medication even though his pain was unbearable. The pain got worse as the day went on. That night, he asked Sgt. Ayodel and Sgt. Trivet to take him to the medical unit, but they delayed his treatment until a superior officer intervened. Mr. Shannon still experiences pain and wears a wrist brace.

The complaint also mentions Jeremy Jones. Mr. Shannon says, "I feel it negligences (sic) on his part to do a real investigate (sic) on this case."

## III. DISCUSSION

Mr. Shannon's Eighth Amendment excessive force claim SHALL PROCEED against Sgt. Schwab in his individual capacity. His Eighth Amendment medical claims SHALL PROCEED against Nurse Daws, Sgt. Trivet, and Sgt. Ayodel in their individual capacities.

Mr. Shannon's claim against Mr. Jones is DISMISSED. He has not alleged that Mr. Jones was personally involved in excessive force or in delaying or denying his access to healthcare. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (cleaned up). Nor has he alleged that he was harmed by Mr. Jones' failure to investigate this case. *See Brewer v. Paccar, Inc.*, 124 N.E.3d 616 (Ind. 2019) (to prevail on an Indiana negligence claim, the plaintiff must

show (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the breach caused an injury).

If Mr. Shannon believes the complaint includes other viable claims, he has **21 DAYS FROM THIS ISSUANCE OF THIS ORDER** to identify those claims.

### IV. FURTHER PROCEEDINGS

Mr. Shannon's excessive force claim **SHALL PROCEED** against Sgt. Schwab in his individual capacity. His Eighth Amendment medical claims **SHALL PROCEED** against Sgt. Trivet, Sgt. Ayodel, and Nurse Daws in their individual capacities. All other claims are dismissed.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the Sgt. D. Schwab, Jr., Sgt. Trivet, Sgt. Ayodel, and Nurse Daws in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], the attached exhibit, dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

The **CLERK IS DIRECTED** to terminate Jeremy Jones as a defendant on the docket.

**SO ORDERED**.

Date: 3/7/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DANTAVIS LAMARCUS SHANNON
267900
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Nurse Morgan Daws
Plainfield Correctional Facility – Medical Staff
727 Moon Road
Plainfield, IN 46168

Electronic Service to the Following IDOC Defendants

Sgt. D. Schwab, Jr.
Sgt. Trivet
Sgt. Ayodel